Whitaker, Judge,
delivered the opinion of the court:
Plaintiff sues for the salary to which he claims he is entitled under the law as a customs storekeeper in the field service.
Iiis right to recover depends upon the construction of section 17 of the Act of June 16, 1933 (48 Stat. 308). For a proper understanding of that section, a brief review of antecedent legislation will be helpful.
On March 4, 1923, Congress passed chapter 265 (42 Stat. 1488), “to provide for the classification of civilian positions within the District of Columbia and in the field services.” On December 6, 1924 (43 Stat. 704) Congress made appropriations “to enable the heads of the several departments and independent establishments to adjust the compensation of civilian employees in certain field services to correspond, so far as may be practicable, to the rates established by the Classification Act of 1923 for positions in the departmental services of the District of Columbia.”
On May 28,1928, Congress passed the Welch Act (45 Stat. 785) classifying various positions and fixing the salaries therefor. Section 3 of this Act provided:
The heads of the several executive departments and independent establishments are authorized, to adjust the compensation of certain civilian positions in the field services, the compensation of which was adjusted by the Act of December 6,1924, to correspond, so far as may be practicable, to the rates established by this Act for positions in the departmental services in the District of Columbia. [Italics ours.]
On July 3, 1930 Congress passed the Brookhart Act (46 Stat. 1003,1005), under which the heads of the several executive departments and independent establishments were not. only authorized, but also were directed, “to adjust the compensation of certain civilian positions in the field services, the compensation of which was adjusted by the Act of December 6,1924 (43 Stat. 704), to correspond, so far as may be practicable, to the rates established by the Act of May 28, 1928 *591 (U. S. C. supp. 3, title 5, sec. 673), and by this Act for positions in the departmental services in the District of Columbia. * * *” Section 4 of this Act provided for a change in the allocation of positions, "but contained the proviso that “in all cases where the board shall change the allocation of a position to a lower grade the rate of pay fixed for such position prior to such change may be continued so long as the position is held by the incumbent then occupying it.”
The Comptroller General, however, ruled that this section .applied only to employees in the departments of the District of Columbia. The result was that some 116 employees in the .customs service in the field who had suffered a reduction in their salaries by reallocation of their positions could not be given relief. To meet this situation, Congress passed section 17 of the Act of June 16,1933 (48 Stat. 308), which added a proviso to the Welch Act, as amended by the Brookhart Act, to read as follows:
That in all cases where, since December 6,1924, in such adjustment the position occupied by an employee has been or shall be allocated to a grade with a maximum salary below the salary received by the incumbent, the rate of pay fixed for such position prior to such allocation may be paid after the date of the enactment of this Act so long as the position is held by the incumbent occupying it at the time of such allocation and the Comptroller General of the United States is authorized and directed to allow credit in disbursing officers’ accounts for all payments heretofore made at such higher rates.
Plaintiff claims under this proviso. The position held by him was originally allocated to grade CAF-6, but on October 1,1941, the position was reallocated to grade CAF-5. At the time of the reallocation plaintiff was receiving a salary of $2,700 per annum, but after the reallocation he received the maximum salary of grade CAF-5, to wit, $2,600. He sues for the difference.
He says that the proviso in section 17 of the Act of June 16, 1933 makes it mandatory on the head of the department to pay him the salary he was receiving at the time his position was reallocated. If that be true, plaintiff is entitled to recover; if it is not true, he is not entitled to recover. Plain *592 tiff held a position, the maximum salary of which was fixed by the Act of Congress at $2,600 per annum. He was entitled to a higher salary only if the head of his department took the necessary action authorized by section 17 to entitle him to the higher salary. Admittedly, this action has not been taken. Plaintiff says that it was not taken because of an erroneous ruling by the Comptroller General holding that section 17 had application only to an original allocation, and not to a reallocation. However, we do not need to decide whether or not this ruling was correct, because, correct or not, the action authorized has not been taken, and until taken, the plaintiff is entitled only to the salary provided by the Act of Congress for the grade in which his position was allocated.
If, on the other hand, section 17 made it mandatory that plaintiff be paid the salary he was receiving at the time his position was reallocated, then he is entitled to recover that salary, because that is the salary fixed by the Act of Congress ; but we do not so read the section. That section says that the rate of pay fixed for the position prior to such allocation “may be paid” so long as the position is held by the incumbent occupying it. The word “may” signifies “permission.” It does not mean the same as “shall be paid,” and it will not be so construed unless this is necessary to carry out the plain intention of the statute. United States v. Thoman, 156 U. S. 853, 359; Sutherland Statutory Construction (2d Ed.) section 640. After defining the word “may,” Webster’s Dictionary says:
Where the sense, purpose, or policy of a statute requires it, “may” as used in the statute will be construed as “must” or “shall”; otherwise, “may” has its ordinary permissive and discretionary force.
This is the well recognized rule. In all the cases cited by plaintiff where the word “may” has been construed to mean “shall”, this construction was necessary in order to carry out the intent of Congress. We see nothing in the language or the purpose of section 17 which requires us to give to this word a meaning other than its ordinary meaning.
Nothing in the legislative history of the section indicates a Congressional purpose to require the head of the department *593 to pay such an employee his old salary. On the contrary, the history of legislation affecting the salary of field employees indicates that Congress intended to use the word only in its permissive sense. The Welch Act of May 28, 1928 gave the head of the department the authority to classify the field services on the same basis as the departmental services in Washington. This was found to be unsatisfactory, and it was amended by the Brookhart Act of July 3,1930, which not only authorized, but directed, that the field services be classified on the same basis as the departmental services in Washington. In enacting section 17 of the Act of June 16, 1933, Congress was amending the Welch Act, as amended by the Brookhart Act and, therefore, had before it the original Act, which merely gave authority to classify the field services, and the amendatory Act which directed that this be done. It had before it, then, the difference between authority on the one hand and direction on the other. With this before it, the amendment adopted contained not a word of direction, but a word of permission. It must be concluded, therefore, that Congress said what it meant and used the word “may” only in its permissive sense.
It is, of course, not unreasonable that Congress should have so intended. There were no doubt some employees in the field service whose work did not justify their receiving a salary greater than the maximum salary provided for the reallocated position; whereas, in fairness, the salary of other employees ought not to be reduced. Plaintiff’s salary was increased from $2,200 to $2,400 as a result of the original allocation of his position. He can hardly complain of a reduction of $100.00 on reallocation, since even after reallocation he is receiving a net of $100.00 more than he would have been receiving except for allocation in the classified service.
Inasmuch as no action has been taken by plaintiff’s superiors to entitle him to a greater salary than that fixed by the Act of Congress for the position he has occupied, there is no basis for recovery. It is no answer to say that the head of the department might have taken the necessary action except for the allegedly erroneous ruling of the Comptroller Gen *594 eral; whether he would have or not, we do not know; but the fact is, he did not do so, and without affirmative action on his part, plaintiff, is entitled to no more than the salary fixed under the Act for the position plaintiff held.
Plaintiff’s petition will be dismissed. It is so ordered.
JoNes, Judge; LittletoN, Judge; and Whaley, OTvief Justice, concur.
MaddeN, Judge, took no part in the decision of this case.